IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. ____________________

CRATERS & FREIGHTERS FRANCHISE COMPANY, a Colorado Corporation,
Plaintiff,

v.

KATHY BENZ, individually; FRED R. BENZ, Individually; TYLER F. BENZ, individually; STEVE BARNARD, individually, and as an officer of CRATER & FREIGHTERS, a Colorado Corporation;

And

CRATERS & FREIGHTERS, a Colorado Corporation.
Defendants.

---

*COMPLAINT & JURY DEMAND*

---

John P. Schmitz of Mills Schmitz Halstead & Zaloudek, LLC at 600 17th St., Suite 2800S, Denver, CO 80202-5428, telephone (303) 226-5861 (Direct Dial (303) 384-3922, facsimile 1 (866) 903-0052 attorney for Plaintiff CRATERS & FREIGHTERS FRANCHISE COMPANY ("Craters & Freighters") by and through its undersigned counsel, hereby files this Complaint against Defendants Kathy Benz, Fred R. Benz, Tyler F. Benz, Steve Barnard, and

Craters & Freighters, a Colorado Corporation (collectively hereinafter referred to as "Defendants"), and states and alleges as follows:

*INTRODUCTION*

2. The case arises out of Defendants offering and selling services and products using Marks, and designations that are confusingly similar imitations of Craters & Freighters' federally registered Mark and that unfairly trades off Craters & Freighters' trademarks. Defendants use the marks CRATERS & FREIGHTERS®.

3. Craters & Freighters is the registered owner of the Mark, Craters & Freighters, Registration Number 1744835; IC 039 Goods and Services: Freight forwarding, packaging and storing the goods of others. FIRST USE IN COMMERCE: June 26, 1990. Craters & Freighters is the registered owner of the Mark, Craters & Freighters, Registration Number 3363644; IC 035 Goods and Services: Packaging articles to the order and specification of others; IC 039 Goods and Services: Freight forwarding; Packaging articles for transportation; Warehouse storage; Warehousing services, namely, storage, distribution, pick-up, and packing for shipment of documents, packages, raw materials, and other freight for others; IC 42 Goods and Services: Packaging design for others. FIRST USE IN COMMERCE: June 1, 2006. (Collectively called the "Marks" or "Trademarks"). [*See* Exhibit A – Trademark Registrations].

4. Craters & Freighters' exclusive right to use the Marks in connection with the advertising and selling of the goods and services listed in Paragraph 3 above, is evidenced by Craters &

Freighters' federal registrations of the Marks. The registrations for the Marks are in full force and effect, unrevoked and un-cancelled. Moreover, the registrations for the Marks are *prima facie* evidence of the validity and subsistence of the Marks as well as Craters & Freighters' ownership of, and exclusive right to use the Marks in commerce without restriction or limitation. The Marks provide constructive notice of ownership as provided by the Trademark Act of 1946, 15 U.S.C. §§ 1057 and 1072.

5. Craters & Freighters has developed a highly successful system for the advertising and selling of its good and services. At present, there are approximately 10,000 different customers contracted with Craters & Freighters because of the Craters & Freighters well-known Marks. Craters & Freighters exclusively controls its Marks from its offices in Golden, Colorado.

6. Craters & Freighters has established a well-regarded business reputation in the United States and overseas. The Marks have been, and continue to be, widely publicized through extensive advertising and marketing in the United States. Millions of dollars over a quarter of a century have been spent in connection with such public relations and promotional campaigns. As a result, consumers of Craters & Freighters' goods and services in the United States and the world have come to associate the Marks used by Craters & Freighters with goods and services of a high and uniform quality, and sales of goods and services under the Marks have been and continue to be substantial.

7. As a result of these extensive advertising expenditures and substantial sales, the Marks owned by Craters & Freighters are well and favorably known to the purchasing public as a distinctive indicator of the goods and services offered by Craters & Freighters. Defendants' use of the Mark Craters & Freighters, a Colorado Corporation, which is in violation of the Permanent Injunction, offers services in the specialty packaging and shipping business similar to that of Craters & Freighters causing confusion in the marketplace. Defendants' corporation and Craters & Freighters' Marks are similar in appearance, sound, and meaning. Both Craters & Freighters and Craters & Freighters, a Colorado Corporation provides goods and services related to packaging, storing, and freight forwarding.

8. This action is for Declaratory Judgment; Civil Conspiracy; False Designation of Origin and False Representation; Violation Lanham Act - 15 U.S.C. § 1114 (a); Violation of Colorado Consumer Protection Act; Unfair Competition; and Common Law Trade Mark and Trade Name Infringment.

9. An action against Defendants, Fred Benz, Kathy Benz, and on information and belief, the now defunct Daisychain Enterprises, LLC commenced on September 9, 2009 in the U.S. District Court of California Northern District Civil Docket No. 4:09-cv-04531. [*See* Exhibit B – Civil Docket Sheet].

10. Defendants Fred Benz, Kathy Benz and Daisychain Enterprises, LLC were found to have violated the Lanham Act. Defendants owe Plaintiff in excess of $100,000 for sanctions, damages, fees, and costs.

11. Defendants Fred Benz, Kathy Benz and Daisychain Enterprises, LLC were held in civil contempt with the threat of criminal contempt on multiple occasions in less than a decade. [*See* Exhibit B – Civil Docket Sheet].

12. At Plaintiff's expense, and in an ongoing extensive investigation, it's evident that Defendants Fred Benz, Kathy Benz and Daisychain Enterprises, LLC, formed Defendant Craters & Freighters, a Colorado Corporation in Colorado on or about December 4, 2015 through Defendants Fred and Kathy Benz's son Tyler Frederick Benz (a named Defendant to this matter). Formation of this Corporation is in direct in violation of the Permanent Injunction ordered in the U.S. District Court of California Northern District Civil Docket No. 4:09-cv-04531. [*See* Exhibit C – Civil Docket Sheet No. 104 – Permanent Injunction].

13. Further, and continuing, investigation of Craters & Freighters, a Colorado Corporation revealed that the business name was transferred to Defendant Mr. Steve Barnard, again violating the Permanent Injunction. Additionally, false financial affidavits were filed on January 22, 2016 in an effort to avoid criminal contempt and arrest in the U.S. District Court of California Northern District. On February 2, 2016 the Court entered an Order Denying Civil and Criminal Contempt Holding. [*See* Exhibit D – Civil Docket Sheet(s) Nos. 249-250 – Financial Affidavit and Order Denying Civil and Criminal Contempt Holding, respectively].

14. Defendants Kathy Benz and Fred Benz filed a notice of appeal on December 16, 2014, and an Amended Notice of Appeal on April 29, 2015.

15. This appeal from final judgment and lack of subject matter jurisdiction was denied by the 9th Circuit Court of Appeals on November 7, 2016. [*See* Exhibit E- Civil Docket Sheet No. 251- Memorandum].

16. At present, Defendants are poised to begin business using Plaintiff's valuable trademarks in the 10th Circuit in violation of the U.S. District Court of California Northern District Permanent Injunction [*See* Exhibit C – Civil Docket Sheet No. 104 - Permanent Injunction].

JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction). This Court has jurisdiction over Defendants Kathy Benz, Fred Benz, Tyler Benz, and Steve Barnard as through their actions of establishing an illegal business availed themselves to the state of Colorado by filing Articles of Incorporation and attending/poised to conduct business in this District. The amount in controversy is in excess of $75,000.00.

18. This Court has personal jurisdiction over Defendant Craters & Freighters, a Colorado Corporation because Defendant Craters & Freighters, a Colorado Corporation has engaged in, or is about to engage in, acts or omissions within this judicial district causing injury, have, or will have, engaged in acts or omissions outside of this judicial district causing injury within the district; or have otherwise made, have established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction, or have had continuous and systematic contacts with this forum; as a result of business regularly conducted within the this judicial district via sales of Defendant Craters & Freighters, a Colorado Corporation's goods and services through exclusive business relationships within the jurisdiction and over the world wide web, and internet sales.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) because the acts of infringement, other wrongful conduct, and a substantial part of the events or omissions giving rise to the claims, occurred, or will occur, in the District of Colorado.

*FIRST CLAIM FOR RELIEF*

(Declaratory Judgment – Pursuant to 28 U.S.C.A. § 2201 – Against All Defendants)

20. There is an actual case and controversy in this lawsuit.

21. The U.S. District Court of California Northern District entered a Permanent Injunction against Fred Benz, Kathy Benz, and Daisychain Enterprises. [*See* Exhibit C – Civil Docket No. 104 - Permanent Injunction]. The sum of the Permanent Injunction stated that the Fred Benz,

Kathy Benz, and Daisy Chain Enterprises and their agents are permanently enjoined from using Plaintiff's Marks and that Plaintiff is the owner of it's Marks.

22. In violation of the Permanent Injunction, Defendants, Kathy Benz and Fred Benz transferred Defendant Craters & Freighters, a Colorado Corporation to their agents and registered the name with the Colorado Secretary of State with the intent to begin conducting business using Plaintiff's Marks. [*See* Exhibit F - Colorado Secretary of State documents].

23. Plaintiff respectfully requests that this Court enforce the U.S. District Court of California Northern District Permanent Injunction against all Defendants and agents, and require all Defendants: [*See* Exhibit C – Civil Docket Sheet No. 104 - Permanent Injunction]:

1. To cease conducting, or beginning to conduct business, with Plaintiff's Marks;
2. To immediately dissolve the infringing Corporation Craters & Freighters, a Colorado Corporation.

*SECOND CLAIM FOR RELIEF*

(Civil Conspiracy – Against All Defendants)

24. Craters & Freighters incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

25. Defendants are aware that use of the name Craters & Freighters, or any likeness thereof, causes, and will continue to cause damage to Craters & Freighters by causing confusion and deception as to origin, sponsorship, approval and endorsement or affiliation of the name. [*See* Exhibit B – Civil Docket Sheet].

26. Defendants are aware of and continue to violate the Permanent Injunction ordered by the U.S. District Court of California Northern District. [*See* Exhibit C – Civil Docket No. 104 – Permanent Injunction.

27. In an effort to avoid the order set forth in the Permanent Injunction, Defendants Kathy Benz and Fred Benz knowingly, through their son Tyler Benz, transferred the name of the Corporation to a new owner, Steve Barnard, whom they assumed would not be held to the same prohibitions because they are not a named parties to the proceeding in the 9th Circuit. This assumption is incorrect as the Permanent Injunction prevents use of agents to do the original named Defendants' bidding (i.e. use of Plaintiff's Marks).

28. Defendant Steve Barnard, being fully advised of the ongoing proceedings in the U.S. District Court of California Northern District, and being fully aware of the restrictions set forth in the Permanent Injunction, filed a Statement of Transfer of Reserved Name with the Colorado Secretary of State on or about December 4, 2015.

29. On or about December 11, 2015, Defendant Steve Barnard issued a Notice and Demand to Craters & Freighters counsel demanding all references to Craters & Freighters, a Colorado Corporation be expunged and deleted from all court records and subjected said counsel to a forfeiture of $10,000,000.00 per day until completed. [*See* Exhibit G – Notice and Demand] - in direct violation of the Permanent Injunction.

30. Defendants filed for transfer of the name of Craters & Freighters, a Colorado Corporation with the intent to continue doing business, or to begin to do business at the end of the Appeal on November 7, 2016; despite rulings set forth against agents of the original Defendants in the Northern California District Court, using a Mark, name, and likeness similar to a well-known, established, and respected company.

31. Craters & Freighters has and will continue to incur damages unless enjoined by this Court.

*THIRD CLAIM FOR RELIEF*

(False designation of origin and false representation – Pursuant to 15 U.S.C. § 1125(a) – Against All Defendants)

32. Craters & Freighters incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

33. Defendants activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15

U.S.C. § 1125(a) because they are likely to mislead the trade and public into believing that Defendant Craters & Freighters, a Colorado Corporation's products originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Craters & Freighters. Further Defendants misrepresent the nature, characteristics, and qualities of Craters & Freighters, a Colorado Corporation's goods and commercial activities in connection with the commercial advertising and promotion of their products. Craters & Freighters in no way is related to, nor is in any agreement with Defendant Craters & Freighters, a Colorado Corporation. Therefore, Defendants have caused Craters & Freighters to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

34. After numerous warnings by Craters & Freighters, including without limitation to proceedings in both the 9th Circuit, Defendants have engaged in, will engage in and continue to engage in, these activities knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

*FOURTH CLAIM FOR RELIEF*

(Violation of Lanham Act – Pursuant to15 U.S.C. § 1114(a) – Against All Defendants)

35. Craters & Freighters incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

36. Defendants' acts constitute trademark infringement of Craters & Freighters' Marks. The

Marks are registered and protected under the Trademark Act, incontestable, and conclusively valid, and presumed distinctive.

37. Defendants' use of the Marks is likely to cause confusion, mistake and deception as to the source, origin, sponsorship, approval, endorsement or affiliation of the domain name and Defendant Craters & Freighters, a Colorado Corporation's businesses. Defendants continue to engage in their wrongful conduct with knowledge that their conduct is intended to cause confusion, mistake, or deception.

38. As a direct and proximate result of Defendants wrongful conduct, Craters & Freighters, among other things, is deprived of value in its Trademarks as a commercial asset and is unable to benefit fully from the strength of the Trademarks that has resulted from Craters & Freighters' extensive advertising, sales, success, goodwill, and consumer recognition.

39. Defendants' conduct is continuing and will continue unless restrained by the Court. Unless enjoined by this Court, Defendants breaches will continue to cause Craters & Freighters irreparable damage, loss, and injury for which it has no adequate remedy at law.

40. Craters & Freighters has suffered and continues to suffer economic losses directly and proximately caused by Defendants actions. Accordingly, Craters & Freighters is entitled to injunctive relief and damages in an amount to be determined at trial.

*FIFTH CLAIM FOR RELIEF*

(Violation of Colorado Consumer Protection Act – Against All Defendants)

41. Craters & Freighters incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

42. The State of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws.

43. Defendants conduct complained of herein are deceptive trade practices, in that, *inter alia*, Defendant Craters & Freighters, a Colorado Corporation made false and misleading representations of fact. Defendants knowingly failed to disclose material information concerning Craters & Freighters, a Colorado Corporation's goods and services, which information was known to Defendants at the time of their inCorporation, and was and is intended to induce consumers to enter into transactions with Defendant Craters & Freighters, a Colorado Corporation.

44. Defendants' conduct occurred in the course of their business.

45. The products offered by Defendants implicate the public interest.

46. The conduct alleged herein occurs and continues to occur in the course of the Defendants business. The conduct is part of a pattern or generalized course of conduct repeated daily on numerous occasions.

47. Defendants have engaged and continue to engage in these activities knowingly, willfully, and deliberately.

48. Craters & Freighters has been directly and proximately, or is soon to be injured in its business and property by the Defendants conduct complained of herein in violation of Craters & Freighters rights under C.R.S. § 6-1-105.

49. Defendants' violations of C.R.S. § 6-1-105 have caused Craters & Freighters to sustain monetary damages, loss, and injury in an amount to be determined at the time of trial.

50. In addition, pursuant to C.R.S. § 6-1-113, Craters & Freighters is entitled to treble damages, attorney's fees and costs of suit, all in amounts to be determined at trial.

51. Unless enjoined by this Court, Defendants' violation of C.R.S. § 6-1-105 will continue to cause Craters & Freighters to sustain irreparable damage, loss, and injury for which Craters & Freighters has no adequate remedy at law.

*SIXTH CLAIM FOR RELIEF*

(Unfair Competition – Against All Defendants)

52. Craters & Freighters incorporates by reference each of the preceding allegations of this Complaint as though fully set forth here.

53. The acts and conduct of Defendants as alleged above constitute unfair competition with Craters & Freighters under Colorado common law, states' laws, and federal law, and all other applicable laws in which Defendant Craters & Freighters, a Colorado Corporation sells its products and services.

54. Defendants' acts and conduct as alleged above have damaged and will continue to damage Craters & Freighters in an amount that is unknown at the present time.

*SEVENTH CLAIM FOR RELIEF*

(Common Law Trademark and Trade Name Infringement – Against All Defendants)

55. Craters & Freighters incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

56. Craters & Freighters holds Trademarks and trade names belonging to Craters & Freighters. Craters & Freighters has used these Marks continuously since at least 1990.

57. Defendants activities have caused and are likely to continue to cause confusion between the products sold by Defendant Craters & Freighters, a Colorado Corporation and Craters & Freighters products as to the source of such products and such unlawful activities infringe the valuable common law trademark and other rights of Craters & Freighters in its multiple trademarks. Defendants' actions, as alleged herein, misrepresent the nature, characteristics or qualities of its goods or commercial activities.

58. The acts and conduct of Defendants, as alleged herein, constitute the infringement of Craters & Freighters' common law rights in its trademark and trade name, and an effort to misappropriate Craters & Freighters' trademark and trade name.

59. Defendants' aforesaid acts have caused Craters & Freighters to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

60. Defendants have engaged and continue to engage in these activities knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

61. Defendants' aforesaid acts, unless enjoined by this Court, will continue to cause Craters & Freighters to sustain irreparable damage, loss and injury, for which Craters & Freighters has no adequate remedy at law.

62. The Defendants have used and are using the Marks in connection with the sale of goods and services in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods and services sold or offered by the Defendant Craters & Freighters, a Colorado Corporation are rendered, sponsored, or otherwise approved by, or connected with Craters & Freighters, which acts of the Defendants have damaged and impaired that part of the goodwill symbolized by the Marks.

63. The Defendants' use of the Marks in the manner alleged constitutes infringement within the meaning of 15 U.S.C. § 1114(1).

64. The Defendants had actual knowledge of Craters & Freighters' rights in the Marks during the time that they have conducted their infringing activities. Thus, the Defendants have in the past and is currently willfully and deliberately infringing Craters & Freighters' rights in the Marks.

65. The Defendants acts of infringement have caused irreparable injury, loss of reputation and pecuniary damages to Craters & Freighters. Unless enjoined by this Court, the Defendants will continue their acts of infringement to Craters & Freighters' causing immediate and irreparable damage.

**JURY DEMAND**

Requested Relief

FOR THESE REASONS, Plaintiff Craters & Freighters prays for the entry of judgment in its favor and against Defendant as follows:

66. That Defendants be preliminarily and permanently enjoined from using the Craters & Freighters name and from using or registering the Craters & Freighters Mark, a Colorado Corporation or any confusingly similar variations thereof, and from engaging in any additional acts of unfair competition or dilution against Plaintiff;

67. That Defendants be ordered to remove and destroy all advertising and marketing materials, all stationery and business materials, any signage and all electronic and online references that refer to the Craters & Freighters, a Colorado Corporation and Craters & Freighters Mark or any confusingly similar Mark;

68. That Plaintiff be awarded all damages suffered by reason of Defendants' unlawful activities;

69. That Defendants be compelled to account to Plaintiff for all profits derived by its unlawful activities;

70. That Plaintiff be awarded damages for the injury to its reputation and goodwill, and damages for the injury from Defendants' false designation of origin, in an amount up to three times the actual damages sustained, pursuant to 15 U.S.C. § 1117;

71. For a determination that this case be deemed an "exceptional" case and awarding costs of suit and reasonable attorneys' fees and disbursements, pursuant to 15 U.S.C. § 1117(b), Colo. Rev. Stat. § 6-1-113, and other applicable law;

72. That Plaintiff be awarded prejudgment and post-judgment interest, pursuant to 15 U.S.C. § 1117(b) and other applicable law;

73. That Plaintiff be awarded such other and further relief as this Court deems just and equitable.

December 2, 2016

s/ John P. Schmitz
*John P. Schmitz*, Esq. CO Bar #37428
Mills Schmitz Halstead & Zaloudek, LLC
600 17th Street Suite 2800 S
Denver, CO 80202-5428
Telephone: (303) 384-3922
FAX: 1 (866) 903-0052
E-mail: jschmitz@mshzlaw.com
Attorney for Plaintiff Craters & Freighters

Craters & Freighters Franchise Company
331 Corporate Circle
Suite J
Golden, CO 80401